IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-479-BO

ROBERT S. BALLARD,  )
          Plaintiff,  )
    )
v.  )        O R D E R
    )
US TREASURY DEPARTMENT, et al.,  )
          Defendants.  )

This cause comes before the Court on the Memorandum and Recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 9]. Plaintiff has filed an objection and the matter is ripe for review. Plaintiff has also filed a motion for preliminary injunction. For the reasons that follow, the Memorandum and Recommendation is ADOPTED and this matter is DISMISSED.

## BACKGROUND

Plaintiff, who proceeds in this action pro se, filed a complaint against the United States Treasury Department and the Internal Revenue Service regarding stimulus checks or Economic Impact Payments (EIP) under the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) to which he contends he is entitled. Plaintiff is currently an inmate in the custody of the State of North Carolina at Central Prison in Raleigh, North Carolina. Plaintiff bases his claim on *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020).

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

In his opposition to the Memorandum and Recommendation (M&R), plaintiff restates his allegation that he is entitled to a $600 and $1200 EIS check. Plaintiff further contends that the *Scholl* court has determined that he is entitled to these stimulus payments.

As the magistrate judge correctly determined, the *Scholl* court's holding was based on the plaintiffs' Administrative Procedures Act (APA) challenge to the Internal Revenue Service's (IRS) interpretation of the CARES Act and the procedures the IRS used; indeed, the *Scholl* court expressly held that the case was "not a tax refund action" and it took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments." *Scholl v. Mnuchin*, 494 F. Supp. 3d at 691. Courts that have decided cases following *Scholl* where individual incarcerated plaintiffs have sought EIP payments have further concluded that the CARES Act does not provide for a private right of action, and that the issue is now moot as the CARES Act imposed a December 31, 2020, deadline for EIP payments. *See, e.g., Breton v. Mnuchin of I.R.S.*, No. 3:21-CV-718 (SRU), 2021 WL 5086400, at *3 (D. Conn. Nov. 2, 2021). This Court is in agreement with those decisions and plaintiff has provided no argument or evidence on which it would conclude otherwise in this case.

In sum, the Court agrees with the magistrate judge's holding and plaintiff has identified no error. As plaintiff's complaint is appropriately dismissed, he cannot satisfy the requirements for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a), *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and his motion is properly denied.

## CONCLUSION

Accordingly, for the foregoing reasons, the Memorandum and Recommendation is ADOPTED and the complaint is DISMISSED in its entirety for failing to state a claim for relief. Plaintiff's motion for preliminary injunction [DE 10] is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED, this __14__ day of March, 2022.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3